**In re Anonymous No. 28 D.B. 75**

Disciplinary Board Docket no. 28 D.B. 75.

To the Honorable Chief Justice and Justices of the Supreme Court of Pennsylvania

REATH, *Board Member*, December 1, 1978— Pursuant to Rule 208(d) of the Pennsylvania Rules of Disciplinary Enforcement (rules), the Disciplinary Board of the Supreme Court of Pennsylvania (board) herewith submits its findings and recommendations to your honorable court with respect to the above petition for discipline.

## I. HISTORY OF PROCEEDINGS

Respondent was charged with professional misconduct in connection with two matters:

Charge I relating to his recovery of approximately $2,000 of property from the police department for return to a prisoner, from whom it was taken at the time of his arrest, and respondent's subsequent failure to pay over the funds or properly account for them.

Charge II relating to irregularities and neglect in serving as counsel to an estate in violation of D.R. 6-101(A)(3) (neglect of a legal matter) and D.R. 7-101(A)(2) (failing to carry out a contract of employment for legal services).

The hearing committee dismissed the charges

under Charge I; found clear misconduct on Charge II; and recommended informal admonition by disciplinary counsel if respondent completed a number of matters still left undone *or* public censure by your honorable court if he failed to complete his legal obligations (which he subsequently did).

## II. SUMMARY OF FACTS

The facts relating to Charge II are all set forth in the hearing committee's findings and recommendations on Charge II (Tab 4, pages 5-11), which we accept and incorporate in this report.

As to Charge I, we think it has been established by clear and convincing evidence that respondent has violated all of the following Disciplinary Rules:

D.R. 1-102(A)(5): Conduct that is prejudicial to the administration of justice;

D.R. 1-102(A)(6): Conduct that adversely reflects on one's fitness to practice law;

D.R. 9-102(A): Failure to preserve the identity of funds of a client by depositing said funds in an identifiable bank account;

D.R. 9-102(B)(1): Failure to promptly notify a client of the receipt of his funds;

D.R. 9-102(B)(3): Failure to maintain complete records of all funds of a client coming into respondent's possession and to render appropriate accounts to said client regarding them.

The pertinent facts, as found by the hearing committee below, are as follows:

1. Respondent was retained in late April of 1974 to seek return from the [   ] police department of $2,000 belonging to the client.

2. On June 28, 1974, the money was returned to

respondent, who commingled it with his own funds and spent the money as his own.

3. Respondent's justification for keeping the money was that he was entitled to it as a fee for legal services. However, respondent never advised client that he had collected the money, nor did he render a bill or any accounting or schedule of distribution.

4. The claim for services is succinctly described in the hearing committee's findings of fact, portions of which we quote below:

"Respondent testified that he received three telephone calls occurring on May 6 and 7, 1974, from Mr. [A], Ms. [B] and a Ms. [C], the last identified herself as Mr. [A's] mother. All of the telephone calls transmitted a message that Mr. [A] had been arrested on drug charges. N.T. 339. From those telephone calls, respondent assumed he was to represent Mr. [A] and present a defense for him. N.T. 374, 379.

"Respondent began an immediate investigation of the matter and determined that Mr. [A] was in fact arrested and in jail, sought out a copy of the charges and visited the scene of the arrest and talked to witnesses. N.T. 340-344, 364-366. He attempted to attend two preliminary hearings but arrived each time to realize that the hearings had been continued. N.T. 367-368. The first time [respondent] was aware that he was not representing Mr. [A] was the day of the trial, on or about June 6, 1974. N.T. 389. On that day he observed [   ], Esq., trying the case which trial had begun.

"  . . .

"Notwithstanding he did not try the case, respondent determined that he could charge Mr. [A] a

fee of from $1,300 to $1,800 for the work he had done, N.T. 378, 393, 394, and money he had paid out to investigators, which was substantially all of the money he had received, N.T. 379."

5. The client, on his release from prison in August of 1974, immediately contacted respondent and demanded return of his money.

6. At this point, respondent reconsidered his position and agreed to return the funds, less a fee of $150, which were to be paid back in installments.

7. As of October 29, 1974, and prior to disciplinary counsel's letter referring to respondent the client's complaint, all funds owing to client had been returned.

## III. DISCUSSION

We concur in the hearing committee's findings on Charge II, but we disagree on Charge I.

We credit, as we must, the hearing committee's conclusion that respondent was justified in assuming, based on the conversations referenced above, that he was retained to defend the client at his criminal trial. In passing, we would observe that respondent's representation was something less than adequate, since he never appeared with his client at any preliminary hearing, and arrived in court on the day of trial to find the trial in progress and his client represented by another lawyer.

Under these circumstances, it seems clear that respondent, when he received these funds, had no right to treat them as his own—unless and until he had negotiated an agreement with his client as to the amount of his fee. Until this was done, the money was the client's, and not the lawyer's—and

the funds had to be escrowed, pending a resolution of this issue. Respondent had no right whatsoever to treat them as his own at that point in time. In so doing, he violated those disciplinary rules identified earlier in this report pertaining to Charge I.

One final matter deserves comment as supporting our recommendation of public censure. As to Charge II, we agree with disciplinary counsel's comments at pages 5-7 of its exceptions, and believe that respondent's gross neglect in administering the estate, coupled with two prior informal admonitions for neglect of legal matters, plus his prior record before the committee of censors (8 other matters of neglect), would fully justify—in fact, require—public censure. Add to this respondent's improper behavior in the matter involving Charge I, and he should count himself fortunate that this board does not recommend a still more severe form of discipline.

## IV. RECOMMENDATIONS

For all of the reasons developed above, we believe the evidence and facts as found by the hearing committee support a finding under Charge I that respondent was guilty of outrageous and inexcusable conduct in failing to do one or the other of the following:

1. Promptly account for the funds as soon as he recovered them—either by holding them in an escrow account or by turning them over to the client (which he subsequently did); or

2. Receive the funds and render forthwith a proper accounting, by setting them off against payment for legal services, accompanied by a statement for professional services rendered and a schedule of distribution and disbursement of funds.

Respondent did neither. Therefore, we recommend public censure in accordance with Rule 204(3) of the Pennsylvania Rules of Disciplinary Enforcement.

Mr. Schiavo dissented.
Mr. Anderson did not participate in the adjudication.

## ORDER

EAGEN, *C.J.*, December 1, 1978, the recommendation of the Disciplinary Board of the Supreme Court of Pennsylvania, dated December 1, 1978, is accepted; and it is ordered, that the said [respondent] be subjected to public censure by the Supreme Court as provided in Rule 204(3) of the Rules of Disciplinary Enforcement at the session of this court commencing January 8, 1979, at Philadelphia.

Mr. Justice Larsen dissents and would impose a suspension of three months.

## PUBLIC CENSURE

CHIEF JUSTICE EAGEN: After an evidentiary hearing where you were extended every opportunity to be heard, the board determined that you had violated several canons of the Professional Code of Responsibility and they have recommended to this court that you be censured publicly for your conduct.

Now, some members of this court have accepted this recommendation with reservations. Some members of this court think that severe sanctions should be imposed, but in a sympathetic and understanding vein, we finally agreed to impose a public censure and hope that you will learn a lesson that you will never forget.

You obtained money from one of your clients, which was in the hands of the police, without any authorizations from your client and without giving your client an accounting for that money until you were pressed. The circumstances connected with that are very, very questionable and certainly are not worthy of a man who is a member of the legal profession. Fortunately for you, you eventually saw the light and returned the money.

In other instances, the board has called to our attention that you have been neglectful and sloppy in handling the business of some of your clients to their detriment, particularly, the estate of [ ], deceased.

In reading this record over the weekend, I have come to the firm conclusion that you are a man of many excuses and empty excuses at that. Your professional conduct is catching up with you and you better take a good look in the mirror and take an inventory of your conduct as a lawyer.

From now on, make sure that there are no more violations on your part because if any legitimate complaints are filed against you with the court, this court will take action that will be very serious as far as you are concerned.

As you probably know, there is a file in the prothonotary's office, a public file, from the date you were admitted to practice law in Pennsylvania. In that file now will go a record of this public censure and a record of your violations of the Code of Professional Responsibility.

As I said in the beginning, I hope you have learned a lesson you will not soon forget. You are now excused.

[Respondent]: Thank you, sir.